FILED
APR 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MACHEN, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF BERWYN, A Municipal Corporation, SERGEANT CONERVOY and OFFICER ROBERT ARNONY | 08CV 2065 <br> JUDGE MANNING <br> MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHRISTOPHER MACHEN, by and through his attorney, STEPHEN J. McMULLEN, and complaining of the Defendants, CITY OF BERWYN, Sergeant Conervoy and Officer Robert Arnony, alleges as follows:

1. That Jurisdiction arises in this Court pursuant to 28 U.S.C. SS 1331 and 1343 (a) (3) and 42 U.S.C. S. 1983.

2. That Jurisdiction for the pendent claims is authorized by Federal Rule of Civil Procedure 18(a).

## PARTIES

3. That the Plaintiff, CHRISTOPHER MACHEN, is a natural person residing in Cook County, Illinois.

4. That the Defendant, Officer Robert Arnony is a natural person and a duly appointed Officer of the Berwyn Police Department who at all times relevant hereto was acting in his individual capacity and under the color of law.

5. That the Defendant, Sergeant Conervoy is a natural person and a duly appointed Officer of the Berwyn Police Department who at all times relevant hereto was acting in his individual capacity and under the color of law.

6. That at all times relevant hereto, Defendant, The City of Berwyn, was a Municipal Corporation duly organized under the Laws of the State of Illinois. It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees, and for injury occasioned thereby; it was also the public employer of Defendants, Conervoy and Arnony at all times relevant in this Complaint.

7. That the Plaintiff sues the public employees Conervoy and Arnony in both their official and individual capacity.

## FACTS

8.. That on April 12, 2007, THE Plaintiff, Christopher Machen, was in the middle of a haircut at 16th and Ridgeland, Berwyn, Illinois.

9. That on April 12, 2007 the Defendants, Conervoy and Arnony were conducting an investigation into purse snatching and battery.

10. Without provocation, as Plaintiff, Christopher Machen was peaceably conducting himself in the hair salon, Defendants Conervoy and Arnony placed him under arrest for battery and purse snatching.

## FIRST AMENDED

## COUNT I: VIOLATION OF 42 U.S.C. S 1983 FALSE ARREST

11. That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if more specifically set forth herein word for word by paragraph.

12. That shortly after arriving, Defendants, Conervoy and Arnony refused to listen to anything Christopher Machen or a number of eyewitnesses had to say regarding the alleged purse snatching and battery.

13. That thereafter, acting under the color of law, Defendants, Conervoy and Arnony, worked a denial of plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal Law, to wit.

    a. By depriving Plaintiff of his liberty without due process of law, handcuffing him;

    b. By refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteen Amendments to the United States Constitution.

    c. By keeping Plaintiff handcuffed for an unreasonably long period of time;

    d. By handcuffing Plaintiff and transporting him to lockup in that Defendants, Conervoy and Arnony perpetrated the above-mentioned acts against the Plaintiff while acting without probable cause to do so, without provocation and without authorization to place Plaintiff under arrest.

14. That at all times relevant herein, the Defendants, Sergeant Conervoy and Arnony were subject to 42 U.S.C. S 1983.

15. That acting under the color of law, the Defendants worked a denial of the Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal Law by falsely placing the Plaintiff under arrest and detaining him for a long period of time against his will.

WHEREFORE, the Plaintiff, CHRISTOPHER MACHEN, demands judgment against the Defendants, SERGEANT CONERVOY and, OFFICER ROBERT ARNONY in the individual capacity, jointly and severally in an amount IN EXCESS OF SEVENTY-FIVE THOUSAND ($75,000.00) and costs.

## COUNT II VIOLATION OF ILLINOIS LAW

### FALSE ARREST AND IMPRISONMENT

16. That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraph 1 through 15 of this Complaint, , as if more specifically set forth herein word for word and paragraph by paragraph.

17. That at all times relevant hereto, Defendant, Conervoy and Arnony owed the Plaintiff a duty to act in accordance with the laws of the State of Illinois.

18. That at all times relevant herein, (a) Defendant, Conervoy and Arnony acted with the intention of confining the Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) the Plaintiff was conscious of the confinement.

19. That Defendants, Conervoy and Arnony imposed by force or threats an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing his hands behind his back and placing him into the backseat of their squad car.

20. That the Defendant, THE CITY OF BERWYN, was the public employer of Defendants, Conervoy and Arnony at all times relevant herein; and, as such, was responsible for the actions taken by Defendant, Conervoy and Arnony against the Plaintiff.

21. That as a direct and proximate result of the acts of Defendants, Conervoy and Arnony's , the Plaintiff suffered personal injury and damage.

WHEREFORE, the Plaintiff, CHRISTOPHER MACHEN, demands judgment against the Defendants, CITY OF BERWYN, SERGEANT CONERVOY and OFFICER ROBERT ARNONY in their individual capacity, jointly and severally in an amount IN EXCESS OF SEVENTY-FIVE THOUSAND ($75,000.00) and costs.

## COUNT III:
## THE CITY OF BERWYN'S S 1983 VIOLATIONS

22. That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraph 1 through 21 of this Complaint, as if more specifically set forth herein word for word and paragraph by paragraph .incorporates by reference

23. That at all times mentioned hereby, Defendant, THE CITY OF BERWYN, was responsible for the policies and procedures implemented through its various departments.

24. That for a period of time prior to April 12, 2007, it became the custom, policy and practice of the Berwyn Police Department and its officers to falsely arrest and handcuff individuals like the Plaintiff after making a cursory investigation.

25. That by employing such customs, policies and practices, Defendant, CITY OF BERWYN worked a denial of the Plaintiff rights, privileges or immunities secured by the United States Constitution or by Federal Law by its employees to falsely arrest and handcuff individuals such as the Plaintiff while responding to routine calls.

26. That despite it's knowledge of such, Defendant, CITY OF BERWYN failed to properly train, discipline or use some other corrective action so as to ensure that its officers would not execute the above-mentioned customs, policies and practices.

27. That despite its duty to regulate its officers Defendant, CITY OF BERWYN allowed such custom, policies and practices to exist when they constituted a potential danger to individuals, like the Plaintiff, who conducted themselves in a peaceable manner.

28. That as a direct and proximate result of the customs, policies and practices of the Defendant, THE CITY OF BERWYN, employees and agents of the City, namely police officers, acted in such a manner which caused personal injury to the Plaintiff, Christopher Davis

WHEREFORE, the Plaintiff CHRISTOPHER MACHEN, demands judgement against

the Defendant, THE CITY OF BERWYN, in an amount IN EXCESS OF SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with his costs in bringing this action.

Respectfully submitted,

By: _____
Stephen J. McMullen

STEPHEN J. McMULLEN
Attorney at Law
212 W. Washington, Suite 909
Chicago, Illinois 60606
(312) 357-0513
Attorney Code Number 11067

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MACHEN, <br><br> Plaintiff, <br><br> vs. <br> THE CITY OF BERWYN, A Municipal Corporation, SERGEANT CONERVOY and OFFICER ROBERT ARNONY | ) ) ) ) ) ) NO. ) ) ) ) ) ) ) ) ) ) |

JURY DEMAND

Plaintiff, Christopher Machen, demands a Jury by twelve jurors.

BY: _____
Attorney for Plaintiff

STEPHEN J. McMULLEN
ATTORNEY FOR Plaintiff
212 W. WASHINGTON, SUITE 909
CHICAGO, ILLINOIS 60606
(312) 357-0513
ATTY NO. 11067