IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MACHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 2065 |
| | ) | |
| THE CITY OF BERWYN, a | ) | |
| Municipal Corporation, SERGEANT | ) | Judge Manning |
| CONERVOY and OFFICER ROBERT | ) | |
| ARNONY | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

### CITY OF BERWYN'S ANSWER TO COMPLAINT

Defendant, City of Berwyn, by its attorneys, Odelson & Sterk, Ltd., answers the plaintiff's complaint as follows:

1. That Jurisdiction arises in this Court pursuant to 28 U.S.C. SS 1331 and 1343 (3) and 42 U.S.C. 5. 1983.

**ANSWER:** The City of Berwyn does not contest this court's jurisdiction.

2. That Jurisdiction for the pendent claims is authorized by Federal Rule of Civil Procedure 18(a).

**ANSWER:** The City of Berwyn admits the allegation of paragraph 2.

### PARTIES

3. That the Plaintiff, CHRISTOPHER MACHEN, is a natural person residing in Cook County, Illinois.

**ANSWER:**   The City of Berwyn admits the allegation of paragraph 2.

4.   That the Defendant, Officer Robert Arnony is a natural person and a duly appointed Officer of the Berwyn Police Department who at all times relevant hereto was acting in his individual capacity and under the color of law.

**ANSWER:**   The City of Berwyn admits that Officer Robert Arnony is a natural person and was employed by the Berwyn Police Department at all relevant times and that he is being sued in his individual and official capacity.  The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies same.

5.   That the Defendant, Sergeant Conervoy is a natural person and a duly appointed Officer of the Berwyn Police Department who at all times relevant hereto was acting in his individual capacity and under the color of law.

**ANSWER:**   The City of Berwyn admits that Officer Robert Conervoy is a natural person and was employed by the Berwyn Police Department at all relevant times and that he is being sued in his individual and official capacity.  The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies same.

6. That at all times relevant hereto, Defendant, The City of Berwyn, was a Municipal Corporation duly organized under the Laws of the State of Illinois. It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees, and for injury occasioned thereby; it was also the public employer of Defendants, Conervoy and Arnony at all times relevant in this Complaint.

ANSWER: The City of Berwyn admits that it was a municipal corporation duly organized under the Laws of the State of Illinois and was the employer of Defendants Conervoy and Arnony at all relevant times. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies same.

7. That the Plaintiff sues the public employees Conervoy and Arnony in both their official and individual capacity.

ANSWER: The City of Berwyn admits that Conervoy and Arnony are being sued in both their official and individual capacity.

## FACTS

8. That on April 12, 2007, the Plaintiff, Christopher Machen, was in the middle of a haircut at 16th and Ridgeland, Berwyn, Illinois.

ANSWER: The City of Berwyn is without sufficient knowledge to form a belief as to the truth

of these remaining allegations and therefore denies same.

9. That on April 12, 2007 the Defendants, Conervoy and Arnony were conducting an investigation into purse snatching and battery.

**ANSWER:** the City of Berwyn admits the allegations contained in paragraph 9.

10. Without provocation, as Plaintiff, Christopher Machen was peaceably conducting himself in the hair salon , Defendants Conervoy and Arnony placed him under arrest for battery and purse snatching.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 10.

## FIRST AMENDED
## COUNT I: VIOLATION OF 42 U.S.C. S 1983 FALSE ARREST

11. That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if more specifically set forth herein word for word by paragraph.

**ANSWER:** The City of Berwyn incorporates its responses above as if fully restated here.

12. That shortly after arriving, Defendants, Conervoy and Arnony refused to listen to anything Christopher Machen or a number of eyewitnesses had to say regarding the alleged purse snatching and battery.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 12.

13. That thereafter, acting under the color of law, Defendants, Conervoy and Amony, worked a denial of plaintiffs rights, privileges or immunities secured by the United States Constitution or by Federal Law, to wit.

    a. By depriving Plaintiff of his liberty without due process of law, handcuffing him;

    b. By refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteen Amendments to the United States Constitution.

    c. By keeping Plaintiff handcuffed for an unreasonably long period of time;

    d. By handcuffing Plaintiff and transporting him to lockup in that Defendants, Conervoy and Arnony perpetrated the above-mentioned acts against the Plaintiff while acting without probable cause to do so, without provocation and without authorization to place Plaintiff under arrest.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 13, including subparagraphs 13(a) through 13(d), inclusive.

14. That at all times relevant herein, the Defendants, Sergeant Conervoy and Arnony were subject to 42 U.S. C. § 1983.

**ANSWER:** The City of Berwyn admits the allegations contained in paragraph 14.

15. That acting under the color of law, the Defendants worked a denial of the Plaintiffs rights, privileges or immunities secured by the United States

Constitution or by Federal Law by falsely placing the Plaintiff under arrest and detaining him for a long period of time against his will.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 15.

### COUNT II VIOLATION OF ILLINOIS LAW
### FALSE ARREST AND IMPRISONMENT

16. That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraph I through 15 of this Complaint, as if more specifically set forth herein word for word and paragraph by paragraph.

**ANSWER:** The City of Berwyn incorporates its responses above as if fully restated here.

17. That at all times relevant hereto, Defendant, Conervoy and Arnony owed the Plaintiff a duty to act in accordance with the laws of the State of Illinois.

**ANSWER:** The allegations contained in paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, this defendant denies it breached any duties owed to the plaintiff.

18. That at all times relevant herein, (a) Defendant, Conervoy and Arnony acted with the intention of confining the Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) the Plaintiff was conscious of the confinement.

**ANSWER:** The City of Berwyn admits only that the plaintiff was lawfully in police custody and denies the remaining allegations contained in paragraph 18.

19. That Defendants, Conervoy and Arnony imposed by force or threats an unlawful restraint upon Plaintiffs freedom of movement, to wit, by arresting and handcuffing his hands behind his back and placing him into the backseat of their squad car.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 19.

20. That the Defendant, THE CITY OF BERWYN, was the public employer of Defendants, Conervoy and Arnony at all times relevant herein; and, as such, was responsible for the actions taken by Defendant, Conervoy and Arnony against the Plaintiff.

**ANSWER:** The City of Berwyn admits that it was the employer of Defendants, Conervoy and Arnony. The remaining allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these remaining allegations and therefore denies same.

21. That as a direct and proximate result of the acts of Defendants, Conervoy and Arnony's , the Plaintiff suffered personal injury and damage.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 21.

## COUNT III:
## THE CITY OF BERWYN'S S 1983 VIOLATIONS

22. That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraph 1 through 21 of this Complaint, as if more specifically set forth herein word for word and paragraph by paragraph incorporates by reference

ANSWER: The City of Berwyn incorporates its responses above as if fully restated here.

23. That at all times mentioned hereby, Defendant, THE CITY OF BERWYN, was responsible for the policies and procedures implemented through its various departments.

ANSWER: The allegations contained in this paragraph are legal conclusions to which no answer is required. To the extent that those remaining allegations may require an answer, this defendant denies same.

24. That for a period of time prior to April 12, 2007, it became the custom, policy and practice of the Berwyn Police Department and its officers to falsely arrest and handcuff individuals like the Plaintiff after making a cursory investigation.

ANSWER: The City of Berwyn denies the allegations contained in paragraph 24.

25. That by employing such customs, policies and practices, Defendant, CITY OF BERWYN worked a denial of the Plaintiff rights, privileges or immunities secured by the United States Constitution or by Federal Law by its employees to

falsely arrest and handcuff individuals such as the Plaintiff while responding to routine calls.

**ANSWER:** The City of Berwyn denies the allegations contained paragraph 25.

26. That despite its knowledge of such, Defendant, CITY OF BERWYN failed to properly train, discipline or use some other corrective action so as to ensure that its officers would not execute the above-mentioned customs, policies and practices.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 26.

27. That despite its duty to regulate its officers Defendant, CITY OF BERWYN allowed such custom, policies and practices to exist when they constituted a potential danger to individuals, like the Plaintiff, who conducted themselves in a peaceable manner.

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 27.

28. That as a direct and proximate result of the customs, policies and practices of the Defendant, THE CITY OF BERWYN, employees and agents of the City, namely police officers, acted in such a manner which caused personal injury to the Plaintiff, Christopher Davis [sic].

**ANSWER:** The City of Berwyn denies the allegations contained in paragraph 28.

**First Affirmative Defense**

The Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

**Second Affirmative Defense**

The Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

**Third Affirmative Defense**

The Plaintiff's claims are barred by the doctrine of qualified immunity.

**Fourth Affirmative Defense**

The Plaintiff's claims are barred against this defendant under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

**Fifth Affirmative Defense**

The individual defendants exercised reasonable and appropriate force to restrain the Plaintiff.

**Sixth Affirmative Defense**

The individual defendants had probable cause to arrest and detain the Plaintiff.

**Seventh Affirmative Defense**

The individual defendants had probable cause to issue an ordinance violation citation to Plaintiff and to proceed with the charges against Plaintiff at the Administrative Adjudication hearing.

**JURY DEMAND**

This defendant demands trial by jury.

WHEREFORE, Defendant, City of Berwyn, respectfully requests that the Court enter judgment in its favor and against the Plaintiff, and that it award it its litigation expenses, along with any other relief this Court deems appropriate.

                        Respectfully submitted,

                        CITY OF BERWYN

By:   s/ Robert Wilder
        One of Its Attorneys

Robert Wilder
Mark H. Sterk
Richard F. Bruen, Jr.
ODELSON & STERK, LTD.
3318 W. 95th St.
Evergreen Park, IL  60805
(708) 424-5678