UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MACHEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 2065 |
| ) | |
| v. ) | Judge Manning |
| ) | Magistrate Judge Schenkier |
| THE CITY OF BERWYN, A Municipal ) | |
| Corporation, SERGEANT CONERVOY and ) | |
| OFFICER ROBERT ARNONY ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF SERGEANT CONOBOY

Defendant, SERGEANT CONOBOY, by his attorneys JAMES J. ROCHE & ASSOCIATES states for his Answer and Affirmative Defenses to the Complaint:

## ANSWER

1. That Jurisdiction arises in this Court pursuant to 28 U.S.C. 1331 and 1343 (a)(3) and 42 U.S.C. S. 1983.

**ANSWER:** Sergeant Conoboy admits the allegations of paragraph 1 of the Complaint.

2. That Jurisdiction for the pendent claims is authorized by Federal Rule of Civil Procedure 18(a).

**ANSWER:** Sergeant Conoboy denies the allegations of paragraph 2 of the Complaint.

3. That the Plaintiff, CHRISTOPHER MACHEN, is a natural person residing in Cook County, Illinois.

**ANSWER:** Sergeant Conoboy admits the allegations of paragraph 3 of the Complaint.

4. That the Defendent, Officer Robert Arnony is a natural person and a duly appointed Officer of the Berwyn Police Department who at all times relevant hereto was acting in his individual capacity and under the color of law.

**ANSWER:** Sergeant Conoboy admits that Robert Arnony is a natural person and a duly appointed officer of the

Berwyn Police Department who at all times relevant hereto was acting under the color of law. Sergeant Conoboy denies that Robert Arnony was acting in his individual capacity at all times relevant hereto.

    5.    That the Defendant, Sergeant Conervoy (sic) is a natural person and a duly appointed
Officer of the Berwyn Police Department who at all times relevant hereto was acting in his individual capacity and under the color of the law.

**ANSWER:**    Sergeant Conoboy admits that he is a natural person and a duly appointed sergeant of the Berwyn Police Department who at all times relevant hereto was acting under the color of state law.  Sergeant Conoboy denies that he was acting in his individual capacity at all times relevant hereto.

    6.    That at all times relevant hereto, Defendant, The City of Berwyn, was a Municipal Corporation duly organized under the Laws of the State of Illinois.  It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees, and for injury occasioned thereby; it was also the public employer of Defendants, Conervoy [sic] and Arnony at all times relevant in this Complaint.

**ANSWER:**    Sergeant Conoboy admits the allegations of paragraph 6 of the Complaint.

    7.    That the Plaintiff sues the public employees Conervoy [sic] and Arnony in both their
official and individual capacity.

**ANSWER:**    Sergeant Conoboy admits that the plaintiff sues the public employees Conoboy and Arnony in both their official and individual capacities but denies that they were acting in their individual
capacities at any time relevant thereto.

    8.    That on April 12, 2007, The Plaintiff, Christopher Machen, was in the middle of a haircut at 16th and Ridgeland, Berwyn, Illinois.

**ANSWER:**    Sergeant Conoboy admits the allegations of paragraph 8 of the complaint.

    9.    That on April 12, 2007 the Defendants, Conervoy [sic] and Arnony were conducting
an investigation into [sic] purse snatching and battery.

**ANSWER:**    Sergeant Conoboy admits the allegations of paragraph 9 of the Complaint.

    10.    **Without provocation, as Plaintiff, Christopher Machen was peaceably conducting**

himself in the hair salon, Defendants Conervoy [sic] and Arnony placed him under arrest for battery and purse snatching.

**ANSWER:** Sergeant Conoboy admits that Arnony arrested the plaintiff after he was

identified as the perpetrator of a battery and purse snatching, but denies the remaining allegations of

paragraph 10 of the complaint.

## FIRST AMENDED [sic]

## COUNT 1: VIOLATION OF 42 U.S.C.S. [sic] 1983 FALSE ARREST

11.     That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 11 [sic] of this complaint, as if more specifically set forth herein word for word by paragraph.

**ANSWER:**     Sergeant Conoboy repeats and realleges his responses to paragraphs 1 through 10 above as and for his responses to paragraphs 1 through 11 of Count 1 to the Complaint.

12.     That shortly after arriving, Defendants, Conervoy [sic] and Arnony refused to listen to
anything Christopher Machen or a number of eyewitnesses had to say regarding the alleged purse snatching and battery.

**ANSWER:**     Sergeant Conoboy denies the allegations of paragraph 12 of Count 1 of the Complaint.

13.     That thereafter, acting under the color of law, Defendants, Conervoy [sic] and Arnony,
worked a denial of plaintiffs rights, privileges or immunities secured by the United States Constitution or by Federal Law, to wit.

   a.     By depriving Plaintiff of his liberty without due process of law, handcuffing him;

   b.     By refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteen Amendments to the United States Constitution.

   c.     By keeping Plaintiff handcuffed for an unreasonably long period of time;

   d.     By handcuffing Plaintiff and transporting him to lockup in that Defendants,

>Conervoy [sic] and Arnony perpetrated the above mentioned acts against the Plaintiff while acting without probable cause to do so, without provocation and without authorization to place Plaintiff under arrest.

**ANSWER:**  Sergeant Conoboy denies the allegations of paragraph 13 and subparagraphs 13 (a)

through (d) of Count 1 of the Complaint.

>  14.   That at all times relevant herein, the Defendants, Sergeant Conervoy [sic] and Arnony

were subject to 42 U.S.C.*S* [sic] 1983.

**ANSWER:**  Sergeant Conoboy states the allegations of paragraph 14 of Count 1 of the Complaint are legal conclusions to which no answer is required but if an answer is required Sergeant Conoboy denies those allegations.

>  15.   That acting under the color of law, the Defendants worked a denial of the Plaintiff's

rights, privileges or immunities secured by the United States Constitution or by Federal Law by falsely

placing the Plaintiff under arrest and detaining him for a long period of time against his will.

**ANSWER:**  Sergeant Conoboy denies the allegations of paragraph 15 of Count I of the Complaint.

## COUNT II VIOLATION OF ILLINOIS LAW
## FALSE ARREST AND IMPRISONMENT

>  16.   That the Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraph 1 through 15 of this Complaint, , [sic] as if more specifically set forth
herein word for word and paragraph by paragraph.

**ANSWER:**  Sergeant Conoboy repeats and realleges his responses to paragraphs 1 through 15 above as and for his responses to paragraphs I through 16 of Count II of the Complaint.

>  17.   That at all times relevant hereto, Defendant [sic], Conervoy [sic] and Arnony owed the

Plaintiff a duty to act in accordance with the laws of the State of Illinois.

**ANSWER:**   Sergeant Conoboy states the allegations of paragraph 17 of Count II of the Complaint are legal conclusions to which no answer is required but if an answer is required Sergeant Conoboy denies those allegations.

18. That at all times relevant herein, (a) Defendant [sic], Conervoy [sic] and Arnony acted with the intention of confining the Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement; and (c) the Plaintiff was conscious of the confinement.

**ANSWER:**   Sergeant Conoboy denies the allegations of paragraph 18 of Count II of the Complaint.

19. That Defendants, Conervoy [sic] and Arnony imposed by force or threats an unlawful restraint upon Plaintiff's freedom of movement, to wit, by arresting and handcuffing his hands behind his back and placing him into the backseat of their squad car.

**ANSWER:**   Sergeant Conoboy admits that officers restrained plaintiff's freedom of movement by arresting him, handcuffing him and placing him in the backseat of their squad car after he had been identified as the perpetrator of a battery and purse snatching but denies the remaining allegations of paragraph 19 of Count II of the Complaint.

20. That the Defendant, THE CITY OF BERWYN, was the public employer of Defendants, Conervoy [sic] and Arnony at all times relevant herein [sic]; and, as such, was responsible for the actions taken by Defendant [sic], Conervoy and Arnony against the Plaintiff.

**ANSWER:**   Sergeant Conoboy admits the allegations of paragraph 20 of Count II of the Complaint.

21. That as a direct and proximate result of the acts of Defendants, Conervoy [sic] and Arnony's [sic], the Plaintiff suffered personal injury and damage.

**ANSWER:**   Sergeant Conoboy denies the allegations of paragraph 21 of Count II of the Complaint.

**COUNT III:**
**THE CITY OF BERWYN'S *S* [sic] 1983 VIOLATIONS**

Count III is not directed to Sergeant Conoboy and therefore he makes no answer thereto.

WHEREFORE, Sergeant Conoboy prays that this Honorable court enter judgement in his favor and that he be awarded his attorneys fees and costs incurred in the defense of this matter.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

1. Sergeant Conoboy had probable cause to arrest the plaintiff based upon the positive identification of the plaintiff by the victim of a battery and purse snatching.

2. An objectively reasonable police officer would have concluded that there was probable cause to arrest plaintiff based upon the positive identification of plaintiff by the victim of a battery and purse snatching.

3. Sergeant Conoboy had probable cause to arrest the plaintiff based upon the facts and circumstances within his knowledge at the time of the arrest and based upon the reasonably trustworthy information he had which would have warranted a prudent person to believe that the plaintiff had committed a battery and purse snatching.

4. Sergeant Conoboy is entitled to qualified immunity because he did not violate any clearly established statutory or constitutional right of the plaintiff of which an objectively reasonable police officer would have known.

5. In deciding whether to arrest the plaintiff, Sergeant Conoboy was acting as a public employee serving in a position involving the exercise of discretion and, therefore, pursuant to 745 ILCS 10/2-201, Sergeant Conoboy is not liable for any injury resulting from the plaintiff's arrest.

6. The conduct of Sergeant Conoboy alleged by the plaintiff was not willful and wanton because the plaintiff had been positively identified by the victim of a battery and purse snatching and,

therefore, pursuant to 745 ILCS 10/2- 202 Sergeant Conoboy is not liable to the plaintiff.

7. In arresting the plaintiff Sergeant Conoboy was acting as a public employee within the

scope of his employment and, therefore, pursuant to the immunity provided by 745 ILCS 10/2-204

Sergeant Conoboy is not liable to the plaintiff based upon his reliance upon information provided by the

victim of a battery and purse snatching.

                              Sergeant Conoboy,

                              By:   /s  Kelly Kathleen Kachmarik_____
                                         One of His Attorneys

Kelly Kathleen Kachmarik  (#6275425)
James J. Roche & Associates
642 North Dearborn Street
Chicago, IL 60610
312-335-0044